TEXAS & PACIFIC RAILWAY COMPANY v. IRA McDOWELL.

Decided June 7, 1905.

**1.—Damages—Personal Injury—Loss of Time.**

Evidence (stated in opinion) considered, and held sufficient to justify submission, as an element of damages recoverable for personal injury impairing plaintiff's ability to work, of his past and prospective loss of time from labor by reason of such injuries.

**2.—Damages—Personal Injury—Medical Expenses.**

There was no error in a charge permitting plaintiff to recover for "reasonable expense incurred for a physician and medicine" by reason of personal injuries, where evidence showed such expenses for treatment of the injuries by the physician employed therefor, though the evidence also showed that another physician was called in temporarily, but did not show whether he treated the patient or made any charge for his services; the instruction in question did not authorize any recovery by reason of supposed expenses incurred for the latter's attendance.

Appeal from the District Court of Fannin County. Tried below before Hon. Ben H. Denton.

*T. J. Freeman* and *Head, Dillard & Head,* for appellant.—The evidence was insufficient to warrant a recovery on account of time lost in the past and evidence was wholly wanting on which to base a recovery for time that might be lost in the future. The charge therefore was unwarranted by the evidence and permitted the jury to resort to conjecture to find a verdict. Houston & T. C. Ry. v. Bird, 48 S. W. Rep., 756; International & G. N. Ry. Co. v. Simcock, 81 Texas, 503.

The charge was error in that it permits recovery incurred for reasonable expense for physicians, while the evidence shows that there was a physician, Dr. Gray, who waited on plaintiff in addition to Dr. Neel, and it does not show the value of his services. The charge therefore permits recovery for this service without any evidence to support it and there is no method of telling what amount the jury allowed for it. Texas & P. Ry. v. Taylor, 58 S. W. Rep., 844; City of Dallas v. Jones, 93 Texas, 45; International & G. N. Ry. v. Shaughnessy, 81 S. W. Rep., 1027.

*Hogg, Watkins & Jones, Meade & McGrady* and *Henry E. Taylor,* for appellee.—The evidence as to time lost by plaintiff and his decreased ability to earn money in the future was amply sufficient to justify the charge. Not necessary to prove value of lost time or diminished capacity: Texarkana & Ft. S. Ry. v. Toliver, 84 S. W. Rep., 377; Fordyce v. Withers, 1 Texas Civ. App., 544. Recovery allowed although party not working at the time of the injury: Missouri, K. & T. Ry. v. Flood, 79 S. W. Rep., 1108. Recovery has been allowed to a woman without any evidence as to the value of her services: Brunswig v. White, 70 Texas, 511; Gainesville, etc., Ry. v. Lacy, 86 Texas, 245; Gulf, C. & S. F. Ry. v. Younger, 90 Texas, 392; Missouri, K. & T. Ry. v. Vance, 41 S. W. Rep., 170; San Antonio T. Co. v. White, 60 S. W. Rep., 324.

The court properly charged the jury that recovery could be had for the "reasonable expenses incurred for a physician." Only one physician having treated plaintiff and the value of his services being shown. Wheeler v. Tyler S. E. Ry., 91 Texas, 356; Gulf, C. & S. F. Ry. v. Harriett, 80 Texas, 82; Gulf, C. & S. F. Ry. v. Glenck, 30 S. W., 278, 9 Texas, Civ. App., 606.

EIDSON, Associate Justice.—This is a suit brought by appellee in the court below against the appellant to recover damages in the sum of $2,000, for personal injuries received through the alleged negligence of appellant on the 24th day of November, 1903.

Appellant answered by general denial and plea of contributory negligence, and that appellee and Isaiah McDowell were joint enterprisers, so that the negligence of one was that of the other. The case was tried before a jury and resulted in a verdict and judgment for appellee in the sum of $1,050.

Appellant's first and only assignment of error complains of the following paragraph of the charge of the court below: "If you should find a verdict for the plaintiff you may, in estimating the damages, consider the physical and mental suffering, loss of time, reasonable expense incurred for a physician and medicine, and decreased ability, if any, of plaintiff to earn money in the future, which you may find from the evidence to have been the direct result to the plaintiff of his injuries, if any, and assess an amount, which if paid now, would in your judgment be a fair and reasonable compensation to him for the same."

Appellant's first proposition under this assignment is that the evidence was insufficient to warrant a recovery on account of time lost in the past, and evidence was wholly wanting on which to base a recovery for time that might be lost in the future; and that therefore, the charge was unwarranted by the evidence, and permitted the jury to resort to conjecture to find a verdict.

We are of the opinion that there is sufficient evidence in the record to authorize a recovery on account of time lost in the past and that which might be lost in the future. Appellee testified: I was hurt bad and my children carried me away. I did not know anything after that for maybe three days; my physical condition is such now that I can't do work like I did. Maybe I can hoe for ten or fifteen minutes, then this hand goes, and I don't know what you call it, it goes like it was asleep. My right arm is injured all the way up to my shoulder; it pains me sometimes up to my shoulder; and then my right knee is the worst part. That knee gives out and I fall down sometimes. Before this injury I don't know as I had a boy that could handle me; I was stout; I was in good health. I suffer pain now in my knee from that injury. I was not that way before. I received an injury to my head. Since the accident, I can not recollect anything like I used to. My leg when it gives way, just appears like it is asleep. I was able to do work of value before I was injured; I could make a very good living; I hauled wood and went out in the woods and cut wood, and such as that, but I can't do that now. I would get a dollar and a dollar and fifty cents per day for some things, just owing if a

man was anxious for a hand or something. I could drive my team and haul, such as that. I would haul my own wood and haul for the boys around. I could work as good as anybody; I could hoe as much corn and cotton. I am not able to do any kind of work or take exercise now without pain and misery. I can go out and hoe in my garden for a quarter of an hour, then my hand goes like it is asleep. This injury hurts me sometimes at night yet. I did suffer pain in my head after the injury."

. Dr. Neel, the physician who treated appellee, described his injuries particularly, and among other things, testified as follows: "He was said to have been hurt about six or seven o'clock in the morning. I was out there an hour or something like that afterwards. He had been carried home when I first saw him. I found that he was pretty severely shocked and unconscious, and he had a severe wound here in the face in the right cheek, the temporal bone, and he had a small wound upon his head, and he had been injured on the right side. The skin was nearly off his face where he had been dragged, and his right side was bruised. I remember about his forehead, all his whole face was bruised and skinned. It was several days before he was at himself, so he could remember how he had been hurt. For several weeks after that his arm was swollen, and he was nervous and restless and could not sleep very well. His nervous system was in such shape he had to be looked after for several weeks. I don't think his mind was entirely restored, and I don't think it is entirely restored now. In my judgment he has had evidently a fracture at the base of the brain. I know as a rule, people do not get well of a fracture at the base of the brain, it results in a partial paralysis. In my judgment, at his age he will always be bothered somewhat with it. Sometimes it improves a little, but at his age and in his condition, I do not believe he will get entirely over it. We did not have any trained nurse with him at any time, but some one had to be there all the time with him for quite awhile. I think we had some one with him day and night for about two weeks, and then we had somebody there to wait on him after that and longer than that, well, for probably a couple of weeks after we did not have to have some one with him constantly day and night, we had somebody to assist him in getting out of bed and in bed and watch him. I know that he suffered from those injuries after he regained consciousness. He continued to suffer something like two or three weeks severely, but he gradually got more and more quiet, but he suffered all the time more or less. I think he began to sit up a little after three weeks; he was in bed longer than that; I really could not tell you how long it was before he was out of the bed without looking on my books, but it was something like three or four weeks. He was sitting up part of the time and he was lying down a great deal of the time."

We think the evidence above quoted was amply sufficient to justify the part of the charge complained of.

Appellant's second proposition under said assignment is to the effect that the charge complained of was error, in that it permits recovery for reasonable expense incurred for physicians, while the evidence shows that there was a physician, Dr. Gray, who waited on plaintiff in addition to Dr. Neel, and it does not show the value of his services; and

that the charge therefore permits recovery for this service, without any evidence to support it, and that there is no method of telling what amount the jury allowed for it. The only testimony in the record that in any manner refers to or mentions Dr. Gray in connection with the treatment of appellee, is the statement in the testimony of Dr. Neel that "Dr. Gray had been called to see him just temporarily, and he was there, but left shortly and I treated the case." Appellee testified that he had a doctor to treat him for his injury, and it was Dr. Neel who treated him. There is no testimony in the record that Dr. Gray treated appellee, or that he made any charge against plaintiff for a professional visit. The only testimony in the record showing that appellee was treated by a physician is that of appellee and Dr. Neel, and that shows that Dr. Neel was the only physician who treated appellee, and it also shows that he was the only physician who made any charge against appellee for treatment. Hence, in our opinion, the jury were not authorized to, and evidently did not, consider any expense on account of any treatment of appellee by Dr. Gray, or any professional visit by him to appellee. The charge of the court instructed the jury that in estimating the damages, in the event they should find a verdict for the plaintiff, they might consider reasonable expenses incurred for physician and medicine. This charge, in our opinion, was fully authorized, in view of the evidence showing that only one physician treated plaintiff, and that only one physician charged for such services.

There being no reversible error pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*

Application for writ of error was dismissed by appellant.